CONSTANZA DOMINGA ORTIZ GREGORY, ENRIQUETA, ANGELA, JULIA Y ENRIQUE ROSSY Y GREGORY, y PEDRO, FELIPE Y ANGELA ROSSY ORTIZ, demandantes y apelantes, *v.* JOSEFA SAN MIGUEL por sí y como madre de los menores sometidos bajo su patria potestad ADELAIDA A. y LAURA MERCEDES GREGORY, demandadas y apeladas.

No. 3493.—*Visto:* Abril 2, 1925. *Resuelto:* Abril 30, 1925.

1. DILIGENCIAS "*Process*"—NATURALEZA, EXPEDICIÓN DE, REQUISITOS Y VALIDEZ—ADQUISICIÓN DE JURISDICCIÓN POR MEDIO DE CITACIÓN.—El hecho de la citación y no la certificación o declaración jurada del diligenciamiento es lo que da jurisdicción a la corte.
2. DILIGENCIAS "*Process*"—SERVICIO—"*Return*" Y PRUEBA DEL SERVICIO—ATAQUE COLATERAL.—Defectos de carácter jurisdiccional pueden ser atacados colateralmente.

SENTENCIA de *Angel Acosta*, J. (Mayagüez), declarando sin lugar la demanda, con costas. *Confirmada.*

*Alfredo Arnaldo* y *Harry F. Besosa,* abogados de los apelantes; *Angel A. Vázquez,* abogado de las apeladas.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Este es un pleito para reivindicar ciertos condominios en varias fincas rústicas y además, como cuestión accesoria, se pide la devolución de frutos.

En otra acción ordinaria establecida con anterioridad a la presente, Alfredo y Jorge Antonio Osvaldo O'Neill y Rossy demandaron en cobro de dinero a la sucesión de Pedro María Rossy y Guerra, compuesta de su viuda Constanza Dominga Ortiz y Gregory por sí y como representante de sus menores hijos Pedro, Felipe y Ángela Rossy y Ortiz, y de sus otros hijos nombrados Ángela, Lucía, Enrique, Enriqueta, Hortensia, América y Julia Rossy y Gregory. El procedimiento se siguió por todos sus trámites, se dictó sentencia, subastándose las fincas cuyos condominios se reclaman y las que finalmente fueron adjudicadas a Ulises Gregory, causante de los demandados en la nueva demanda.

Una parte de los componentes de la sucesión de Pedro María Rossy y Guerra son los que han interpuesto la acción reivindicatoria y la fundan en dos motivos. El primero se refiere a que el emplazamiento es nulo porque habiéndose practicado por persona que no es el márshal no aparecen del diligenciamiento las siguientes constancias, a saber: (*a*) no contener la afirmación jurada de Juan Arce que fuera mayor de 18 años en el momento de verificar la citación; (*b*) no declarar que no tuviera interés en el pleito; (*c*) no expresarse la fecha ni determinar el lugar en que se hicieren dichas citaciones; (*d*) no entregarse a ninguno de los demandados copia del emplazamiento, ni de la demanda; (*e*) no haberse firmado por Juan Arce el diligenciamiento ni expresarse ante qué funcionario autorizado para tomar juramentos se juró el mismo.

No hay controversia en cuanto a que la forma del diligenciamiento es defectuosa y los demandados admiten por lo menos el no haberse consignado debidamente la edad del que practicó la diligencia de la citación ni tampoco que no tuviera interés en el pleito, pero los demandados y apela-

dos fundándose seguramente en la jurisprudencia sentada
en los casos de *Buonomo* v. *Sucesión Juncos,* 28 D.P.R. 409
y *López* v. *Quiñones,* 30 D.P.R. 342, presentaron prueba
*aliunde* para demostrar que los requisitos omitidos en el di-
ligenciamiento habían sido cumplidos al tiempo de hacerse
las citaciones a los demandados, ahora demandantes, lle--
nando todos los requisitos legales que exige el artículo 92 de
la Ley de Enjuiciamiento Civil, sección 5076, Compilación
de 1911.

La diligencia al dorso del emplazamiento, literalmente
dice:

"Yo, Juan Arce, mayor de diez y ocho años de edad, y vecino de
San Germán, sin interés en este asunto, declaro y juro que recibí
el presente emplazamiento en 13 de mayo de 1907, y en 14 y 15, del
propio mes y año notifiqué con copias y en sus respectivos domicilios
a las demandadas doña Hortencia, doña Enriqueta, doña Ángela y
doña Julia Rossy y Gregory, y a doña Constanza Dominga Ortiz
y Gregory, por sí y como representante de sus menores hijos, Pedro,
Felipe y Ángela que viven en su compañía y a don Enrique Rossy
también le notifiqué con copia en esta ciudad donde se encuentra
hoy de paso, firmando los que se prestaron a ello voluntariamente.
San Germán, 15 de Mayo de 1907.—Juan Arce.

"Presentada hoy abril 15 de 1907. Alvaro Fernández.—Secre-
tario.—Jurada la anterior declaración por Juan Arce, ante mí, hoy
15 de Mayo de mil novecientos siete.—Álvaro Fernández.—Secre-
tario."

La corte inferior, oídas las pruebas, declaró sin lugar la
demanda por estimar que Juan Arce, no obstante los defec-
tos del diligenciamiento, cumplió con todos los requisitos
del art. 92.

[1] Un análisis de las mismas nos lleva a la conclusión
de que dicha corte no abusó de su discreción al apreciarlas,
pues se demostró que Juan Arce era mayor de 18 años en
1907, época de la citación, pues según su partida de bau-
tismo él nació en noviembre 7, 1867, y habiendo ocurrido su
fallecimiento en 4 de enero de 1913, en la certificación de

defunción se hace constar que murió de 49 años de edad; y entre otras declaraciones de las que aparece que Juan Arce no era pariente de los interesados ni era parte ni tenía interés en el pleito en que hizo las citaciones, se encuentra la declaración de Álvaro Fernández, quien en lo sustancial dice: que nació en San Germán y tiene la edad de cincuenta años; que en 1907 ocupaba el cargo de Secretario de la Corte Municipal de San Germán y que como tal secretario expidió el emplazamiento que es objeto de este pleito; que conoció a Juan Arce por haber sido condiscípulos teniendo no obstante aparentemente más edad que el declarante y que Juan Arce no tuvo interés en aquel pleito.

Estos y otros elementos de prueba que fueron aportados, en conjunto revelan que como cuestión de hecho Juan Arce verificó las citaciones de los demandados llenando todas las formalidades legales. Y siendo esto así, el hecho mismo de la citación fué lo que dió jurisdicción a la Corte Municipal de San Germán y no la certificación o declaración jurada del diligenciamiento. *Herman* v. *Santee,* 103 Cal. 519. (37 P. 509, 42 Am. St. Rep. 145.)

[2] En virtud de esta conclusión, es innecesario discutir el segundo motivo en que se fundó este pleito, pues el conocimiento o no personal que tuviera el causante Ulises Gregory de los vicios técnicos del diligenciamiento, no hubiera tenido influencia en la decisión de este asunto. Porque asumiendo que los vicios alegados en la demanda hubieran positivamente existido, el defecto era de carácter jurisdiccional y el comprador quedaba sujeto a ataque colateral por efecto de los mismos. Véase el caso de *González* v. *Anglada,* resuelto en 27 de febrero de 1925 (33 D.P.R.) y casos en él citados.

*Por las razones expuestas debe confirmarse la sentencia inferior.*