QUINTINA PADÍN CASTRO, peticionaria, *v.* CORTE DE DISTRITO DE HUMACAO, HON. RAFAEL ARJONA SIACA, JUEZ, demandada.

No. 966.—*Sometido:* Mayo 7, 1934. *Resuelto:* Julio 24, 1934.

*Edelmiro Martínez Rivera,* abogado del peticionario; *Andrés Mena,* abogado de la interventora, demandada en el pleito principal.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

De la solicitud para que se expida un auto de *certiorari* aparece que Quintina Padín Castro inició ante la Corte de Distrito de Humacao un recurso de ejecución de

hipoteca bajo el procedimiento sumario de la Ley Hipotecaria. Los demandados eran los miembros de una sucesión. Uno de ellos residía en Isabela, dentro de la jurisdicción del distrito de Aguadilla, y el requerimiento de pago fué notificado a ella en Isabela. El resto de los herederos residía en Humacao, donde fueron personalmente notificados por el márshal de la Corte de Distrito de Humacao. Entonces la demandante averiguó que los menores envueltos en el caso se hallaban bajo la tutela de la American Colonial Trust Company, con domicilio en San Juan, y después obtuvo una orden adicional de la corte que fué ejecutada por el márshal de la Corte de Distrito de San Juan y notificada a la aludida American Colonial Trust Company. Luego los demandados acudieron a la corte y solicitaron se anularan los procedimientos, toda vez que la notificación a la tutora no había sido hecha por el márshal de la Corte de Distrito de Humacao, y por otras razones. La orden de la Corte de Distrito de Humacao era de carácter general y no designaba ningún márshal ni ningún otro funcionario para su ejecución. Nos referimos, desde luego, al hecho de que la corte sostenía que ninguna orden adecuada fué notificada a la American Colonial Trust Company. La corte y los querellados sostienen que una orden general de esa corte debe entenderse como que va dirigida solamente al márshal de la Corte de Distrito de Humacao. Conforme entendemos la cuestión, también se sostiene que nadie, a excepción del márshal de la Corte de Distrito de Humacao, tenía autoridad para notificar la orden en este caso. La orden no designaba funcionario alguno.

El artículo 88 del Código de Enjuiciamiento Civil provee:

"El secretario hará constar al dorso de la demanda el día, mes y año de la presentación, y en cualquier tiempo dentro de un año después de aquélla, el demandante puede obtener que se expida la citación; y si la acción se promoviere contra dos o más demandados con residencia en diferentes distritos, el demandante puede obtener que se expida la citación para cada uno de dichos distritos. . . ."

El artículo 245 del mismo Código lee así:

"Cuando la orden de ejecución fuere contra la propiedad del deudor declarado tal por la sentencia, podrá librarse al márshal de cualquier distrito de la isla. Cuando ordenare la entrega de propiedad real o personal, deberá librarse al márshal del distrito en que radicare la propiedad, o parte de ella. Las órdenes de ejecución podrán ser libradas al mismo tiempo para diferentes distritos."

Éste no es un caso similar al de *Solá* v. *Castro*, 32 D.P.R. 804, en que un márshal endosó su orden a otro márshal y la parte fué hallada en un lugar distinto a aquél en que se libró la orden. El caso de *Lawton* v. *P. R. Fruit Exchange*, 42 D.P.R. 291, es más aplicable, y, como en el presente, la orden fué expedida por el secretario de la corte del distrito en que se hallaba la propiedad y en que los procedimientos fueron iniciados. Y el artículo 245 del Código de Enjuiciamiento Civil fué citado. La peticionaria indica que ni de conformidad con la Ley Hipotecaria ni con su reglamento había algo que indicara la persona que debía diligenciar el requerimiento de pago y que el caso de *Perales* v. *Corte*, 43 D.P.R. 902, sirve también de autoridad para el hecho de que el márshal es la persona a quien corresponde diligenciar tal orden.

La orden de la Corte de Distrito de Humacao, después de exponer los hechos, decía simplemente: "El secretario de esta corte expedirá mandamiento de requerimiento de pago para el debido cumplimiento de esta orden, el que deberá ser diligenciado en la forma y manera dispuesta por la ley." Para nosotros no aparece con claridad exactamente cómo la orden llegó a manos del márshal de la Corte de Distrito de San Juan, pero, ora fuere el secretario de la Corte de Distrito de Humacao quien lo notificó directamente o el letrado quien puso copia de la orden en poder del márshal de la Corte de Distrito de San Juan, no importa. Los varios artículos citados del Código de Enjuiciamiento Civil nos convencen de que la persona llamada a ejecutar las órdenes en San Juan es el márshal de la Corte

de Distrito de San Juan y no el de la Corte de Distrito de Humacao.

*La orden de la Corte de Distrito de Humacao negándose a decretar el remate debe ser anulada y devolverse los autos a la Corte de Distrito de Humacao para ulteriores procedimientos no inconsistentes con esta opinión.*