SENTENCIA
Por estar igualmente dividido el Tribunal, se dicta sen-tencia confirmando la sentencia emitida por el Tribunal de Apelaciones.
Así lo pronunció, manda el Tribunal y certifica la Secre-taria del Tribunal Supremo Interina. La Juez Asociada Se-ñora Rodríguez Rodríguez emitió una opinión disidente, a *168 la que se unió el Juez Presidente Señor Hernández Denton. La Jueza Asociada Señora Fiol Matta disintió sin opinión escrita. El Juez Asociado Señor Martínez Torres se inhibió.
(.Fdo.) Larissa Ortiz Modestti

Secretaria del Tribunal Supremo Interina

Opinión disidente emitida por la Juez Asociada Rodríguez Rodríguez, a la que se une el Juez Presidente Señor Hernández Denton.
El presente recurso nos brindaba la oportunidad de aclarar algunos aspectos sobre el proceso de ejecución de sentencia en casos de cobro de dinero al amparo de la Re-gla 51.2 de Procedimiento Civil, infra. Específicamente, si el Tribunal de Primera Instancia puede requerir que el promovente de la ejecución provea la dirección física de los bienes de la parte perdidosa con los cuales interesa satis-facer su acreencia, como condición previa e indispensable a la expedición del mandamiento de ejecución; ello aun cuando dicho trámite se lleve a cabo dentro de los primeros cinco años de que advenga final y firme la sentencia. Tras examinar las reglas procesales pertinentes junto a nuestra jurisprudencia, soy del criterio que tal requerimiento es improcedente.
Lamentablemente, por estar igualmente dividido el Tribunal, no se puede aclarar esta controversia.
I
El 26 de junio de 2007 la peticionaria Komodidad Distributors Inc. instó una demanda en cobro de dinero contra la Sra. Jackeline Sánchez Quiñones, su cónyuge de nombre desconocido y la Sociedad Legal de Gananciales compuesta *169 por ambos. La reclamación se presentó según el procedi-miento sumario dispuesto en la entonces vigente Regla 60 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), exi-giendo el pago de $2,341.35. Tras ser notificada del proce-dimiento y citada a la vista señalada por el Tribunal de Primera Instancia, la parte demandada no compareció. En la referida vista el foro primario constató que la deman-dada fue debidamente citada y, aun así, esta última no presentó objeción alguna a la reclamación instada en su contra. Por ello, luego de evaluar una declaración jurada que fuera presentada por la parte demandante, en la cual afirmaba tener una acreencia vencida, líquida y exigible, dicho foro ordenó a la demandada a satisfacer la cantidad exigida en la reclamación, así como las costas y los hono-rarios de abogado. La sentencia en rebeldía, emitida el 22 de septiembre de 2007 fue notificada a las partes el 25 de septiembre del mismo año.
El 27 de noviembre de 2007 la peticionaria presentó una moción al Tribunal de Primera Instancia para que se orde-nara la ejecución de la sentencia en cobro de dinero previa-mente dictada por el tribunal. La moción contenía la fecha en que se archivó la sentencia en autos y señalaba que la parte perdidosa aún no la había satisfecho a pesar de ser final y firme. Igualmente, en la moción solicitaba la desig-nación de tres depositarios judiciales y el embargo de bie-nes suficientes de la demandada para satisfacer la sentencia.(1) Cabe señalar que, al término de la moción, el promovente certificó haber enviado copia de ésta a la parte demandada utilizando su dirección en el expediente del Tribunal.
Por su parte, el foro primario dictó la siguiente orden el 9 de enero de 2008: “Provea la parte demandante dirección *170 física donde ubican los bienes sujeto de embargo en un término de 10 días.” Poco después, el tribunal ordenó a la peticionaria que cumpliera con lo anterior so pena de de-negar la solicitud de ejecución.
Inconforme, la peticionaria acudió mediante un recurso de certiorari al Tribunal de Apelaciones solicitando la revi-sión de la orden de 9 de enero de 2008. Allí alegó que el tribunal de instancia erró al sujetar la expedición del man-damiento de ejecución de sentencia a la previa presenta-ción de la dirección de los bienes del deudor. Mediante una breve resolución, un panel del Tribunal de Apelaciones (Martínez Torres, Miranda de Hostos, Feliciano Acevedo, Js.) denegó expedir el recurso solicitado por entender que el tribunal de instancia tenía la facultad y discreción para hacer el requerimiento impugnado.
De dicha determinación acude ante este Tribunal la peti-cionaria mediante un recurso de apelación. En su escrito aduce que el Tribunal de Apelaciones debió expedir el auto de certiorari que le fuera solicitado y dejar sin efecto la or-den de instancia, mediante la cual se requiere información de los bienes del deudor como condición indispensable para ordenar la ejecución de la sentencia.(2) La peticionaria tam-bién alega que la orden es errada, ya que no figura en las reglas procesales sobre ejecución de sentencias en cobro de dinero. Asimismo, sostiene que no conoce la dirección física de los bienes de la recurrida, por lo que para proveer dicha información al tribunal tendría que solicitarla a la otra parte, quedando entonces ésta advertida del procedimiento de ejecución de sentencia que se lleva en su contra antes de *171 obtenerse la orden del tribunal. Tal escenario, según la pe-ticionaria, da al traste con determinaciones previas de este Foro en las cuales hemos expresado que no es necesario no-tificar a las partes contra las que se pretende ejecutar una sentencia, siempre que se realice dentro de los primeros cinco años de que ésta advenga final y firme.
El 13 de jimio de 2008 acogimos el recurso presentado como un certiorari y expedimos. La parte recurrida no com-pareció, a pesar de haber sido debidamente notificada y habérsele brindado un término para ello. Vistos los hechos, pasamos a resolver.
II
La ejecución de una sentencia es un mecanismo suple-mentario que tiene disponible aquel litigante vencedor que desea satisfacer el dictamen final y firme que ha obtenido, poniendo así fin al sinuoso proceso que puede ser el litigio. Este mecanismo “le imprime continuidad a todo proceso judicial que culmina con una sentencia. Es necesario recu-rrir a la ejecución forzosa de una sentencia cuando la parte obligada incumple con los términos de la sentencia”. Mun. de San Juan v. Prof. Research, 171 D.P.R. 219, 247-248 (2007), citando a R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, San Juan, Ed. Michie de P.R., 1997, Cap. 63, pág. 453.
Dicho procedimiento está regulado por la Regla 51 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill (ed. 1983). Sobre cuándo procede la ejecución de una sentencia, la Regla 51.1 dispone:
La parte a cuyo favor se dicte sentencia, podrá ejecutarla mediante el procedimiento fijado en esta Regla 51, en cual-quier tiempo dentro de cinco (5) años de ser firme la misma. Expirado dicho término, podrá ejecutarse la sentencia me-diante autorización del tribunal a moción de parte y previa notificación a todas las partes. Si después de registrada la sentencia se suspendiere la ejecución de la misma por una *172 orden o sentencia del tribunal, o por efecto de ley, el tiempo durante el cual ha sido suspendida dicha ejecución deberá ex-cluirse del cómputo de los cinco (5) años durante los^ cuales podrá expedirse el mandamiento de ejecución. (Enfasis suplido.)
En varias ocasiones nos hemos expresado sobre la Regla 51.1 de Procedimiento Civil de 1979, la cual es práctica-mente idéntica a la hoy vigente.(3) Hemos aclarado que la parte que obtiene sentencia a su favor puede hacerla efec-tiva en cualquier momento dentro de los cinco años de que ésta advenga final y firme, sin tener que presentar moción al tribunal ni notificar a la parte contraria. R. 51.1 (32 L.P.R.A. Ap. V); Mun. de San Juan v. Prof. Research, supra; Igaravidez v. Ricci, 147 D.P.R. 1 (1998); Avilés Vega v. Torres, 97 D.P.R. 144 (1969). La notificación de la ejecución en este período se desfavorece porque “tendría el efecto de prevenir al deudor dándole la oportunidad para esconder o transferir propiedades y frustrar así el propósito del man-dato de ejecución”. Avilés Vega v. Torres, supra, pág. 149. “Es propio asumir que todo litigante sabe las consecuen-cias de una sentencia en su contra. ...” Figueroa v. Banco de San Juan, 108 D.P.R. 680, 690 (1979). De manera que sólo cuando expira el término de cinco años se requiere autorización del tribunal para la ejecución de la sentencia, previa moción de parte y notificación a todas las partes. R. 51.1, supra; Mun. de San Juan v. Prof. Research, supra; Igaravidez v. Ricci, supra; Avilés Vega v. Torres, supra.
Por otro lado, si la ejecución de la sentencia se realiza dentro del plazo de cinco años de haberse dictado la sen-tencia, la parte victoriosa sólo tiene que presentar su sen- *173 tencia final y firme en la secretaría del tribunal y obtener un mandamiento de ejecución de sentencia. Esto se des-prende de la interpretación conjunta de la Regla 51.1, supra, y la Regla 65.2 (32 L.P.R.A. Ap. III (ed. 1983). Esta última dispone que todas las mociones para solicitar la “ex-pedición de mandamientos” y “otros procedimientos para los cuales no se requiere el permiso u orden del tribunal” serán consideradas por el secretario del tribunal. íd. Ya que bajo la Regla 51.1 no se requiere una orden del tribunal para la ejecución de una sentencia en los primeros cinco años, y el secretario del tribunal es quien está auto-rizado a expedir mandamientos y atender otros asuntos que no requieren permiso del tribunal, es forzoso concluir que en dicho procedimiento sólo se requiere obtener un mandamiento de ejecución de sentencia expedido por el se-cretario del tribunal.
Por ello hemos expresado anteriormente que en esos ca-sos tanto la orden del tribunal como su notificación pueden considerarse innecesarias. Lawton v. Porto Rico Fruit Exchange, 42 D.P.R. 291 (1931); Banco Terr. y Agríc. de P.R. v. Marcial, 44 D.P.R. 129 (1932); Avilés Vega v. Torres, supra. “La expedición del mandamiento de ejecución [dentro del plazo de cinco años de advenir firme la sentencia] es un acto ministerial del secretario”, Lawton v. Porto Rico Fruit Exchange, supra, pág. 300, y estando presentes las condi-ciones necesarias para su expedición, el secretario no puede negarse a expedirlo.
Esto es particularmente importante cuando se tienen sentencias en cobro de dinero, ya que la Regla 51.2, supra, especifica que éstas se harán cumplir mediante manda-mientos de ejecución dirigidos al alguacil para ser entrega-dos a la parte interesada, especificando los términos de la sentencia y la cantidad a pagar. Id. De igual forma, esta regla nos permite concluir que el procedimiento de ejecu-ción de sentencia en casos de cobro de dinero se divide en dos etapas. En la primera fase, el promovente de la ejecu- *174 ción procura obtener el mandamiento de ejecución de la secretaría del tribunal, mientras en la segunda, gestiona su diligenciamiento por el alguacil. Véase, además, Regla 51.5 (32 L.RR.A. Ap. III (ed. 1983). Es en esta segunda fase donde deberá brindarse la dirección física de los bienes del deudor, su descripción y cualquier otra información nece-saria para que el alguacil pueda llevar a cabo su encomienda. Véase Carlo v. Corte, 58 D.P.R. 889, 895 (1941) (“Es el demandante quien generalmente señala al márshal los bienes que han de sujetarse al embargo ...”)• (Énfasis nuestro.) En la etapa de expedición del manda-miento no es indispensable conocer la ubicación de los bie-nes del deudor, pues su propósito inmediato es obtener una orden dirigida al alguacil para que haga cumplir la sentencia. Será luego, cuando el acreedor interese que el alguacil efectivamente diligencie la orden para tomar po-sesión de bienes del deudor por la cantidad y bajo los tér-minos dispuestos en la sentencia final y firme, que tendrá necesariamente que señalar la ubicación de los bienes. De otra forma el acreedor no podrá satisfacer su sentencia pues el alguacil no contará con la información necesaria para ello. A esos efectos, el profesor Hernández Colón aclara:
Librado el mandamiento al alguacil, éste lo diligencia incau-tándose de fondos pertenecientes al deudor por sentencia o embargando sus bienes muebles o inmuebles. Los fondos o bie-nes que serán objeto de la ejecución le son señalados al alguacil por la parte promovente mediante un escrito dirigido a éste y denominado “Señalamiento de Bienes”. Esta parte puede seña-lar indistintamente bienes muebles o inmuebles, o ambos. (Enfasis suplido.) R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 5ta ed., San Juan, Lexis-Nexis de Puerto Rico, 2010, Cap. 63, pág. 571.
Ahora bien, aunque el proceso adecuado para ejecutar una sentencia de cobro de dinero dentro del plazo de cinco años de ésta haber advenido final y firme, es la presenta-ción ante el secretario del tribunal de una solicitud de *175 mandamiento de ejecución, “[l]a práctica usual... es que se presenta una moción al tribunal para que éste a su vez ordene al secretario que expida el mandamiento”. Hernán-dez Colón, op. cit., pág. 571. Esta práctica, aunque no está prohibida, atenta contra la economía procesal y judicial pues aumenta la faena del juez y dilata aún más la reso-lución de los conflictos. Todo ello es precisamente lo que la Regla 51.1, supra, y la Regla 51.2, supra, pretenden evitar.
Finalmente, debemos recordar que cuando se procede con el diligenciamiento de la ejecución de la sentencia el deudor no queda desamparado de protección. Aunque es el acreedor quien inicialmente señalará los bienes del deudor que se tomarán para satisfacer la sentencia, cuando los bienes del deudor tengan un valor mayor a la cantidad adeudada, “deberá el alguacil embargar únicamente la parte de los bienes que indicare el deudor, siempre que éstos sean ampliamente suficientes para cubrir el importe de la sentencia y de las costas devengadas”. 32 L.RR.A. Ap. III, R. 51.5 (ed. 1983). De esta forma, las Reglas de Proce-dimiento Civil conceden a aquellos deudores contra los cuales se pretende ejecutar una sentencia, la posibilidad de seleccionar cuáles de sus bienes serán utilizados para ex-tinguir su obligación. Tal facultad está sujeta a que el deu-dor cuente con bienes suficientes, respecto a su cantidad y valor pecuniario, para saldar por completo el crédito reco-nocido mediante sentencia a favor del acreedor.
III
En vista de lo anterior, debemos determinar si un juez del Tribunal de Primera Instancia puede exigir que se le informe la dirección física de los bienes del deudor como condición previa a ordenar al secretario del tribunal que expida el mandamiento de ejecución, cuando se solicita la ejecución de una sentencia en cobro de dinero dentro del plazo de cinco años de que ésta advenga firme.
*176 En el presente caso, la peticionaria obtuvo una senten-cia en cobro de dinero a su favor el 25 de septiembre de 2007 y presentó una moción al tribunal para su ejecución el 25 de noviembre de 2007, tan sólo dos meses después. Fue entonces cuando el tribunal requirió la información sobre los bienes del deudor y, posteriormente, advirtió que de ésta no proveerse se denegaría la ejecución de la sentencia.
En primer lugar, debemos señalar que la peticionaria pudo haber dirigido su moción al secretario del tribunal, en vez de al juez de sala, pues como ya explicamos ese es el procedimiento adecuado que las Reglas de Procedimiento Civil disponen para estos casos. R. 51.1, supra; R. 51.2, supra. Sin embargo, si la solicitud se dirige al juez, nada impide que éste utilice su discreción para atender el asunto y ordenar la expedición del mandamiento de ejecu-ción de sentencia. Véase Vives Vázquez v. E.L.A., 142 D.P.R. 117, 140 (1996). No obstante, por las razones que expresamos a continuación, entendemos que una vez el juez tiene ante sí una solicitud de ejecución de sentencia en cobro de dinero que advino firme hace menos de cinco años, éste no puede condicionar la ejecución de la sentencia a que se le brinde información de los bienes del deudor.
Las Reglas de Procedimiento Civil han creado un meca-nismo sencillo y eficaz con el fin de garantizarle a aquellos acreedores dinerarios, así reconocidos por sentencia firme, que podrán satisfacer la acreencia a la que tienen derecho según se dispuso en el dictamen judicial. Estas reglas no requieren que el promovente de la ejecución provea al juez de sala información relacionada a los bienes que serán ob-jeto de dicha ejecución. Por el contrario, como ya vimos, la Regla 51.1 y la Regla 51.2 ni siquiera exigen una orden del tribunal para llevar a cabo la ejecución de la sentencia en estos casos. Tal requerimiento no puede responder al deseo de proteger los intereses del deudor, de manera que el acreedor no obtenga bienes en exceso de aquellos que fue- *177 ran suficientes para satisfacer su acreencia. Como ya seña-lamos, las Reglas de Procedimiento Civil atienden esa pre-ocupación en la Regla 51.5 brindándole al deudor la potestad de señalar al alguacil los bienes que deberán ser incautados para satisfacer la sentencia, siempre y cuando el deudor tenga bienes en exceso de la suma adeudada y los bienes señalados cubran dicha suma. R. 51.5, supra; J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. JTS, 2000, T. II, pág. 822. Si aún así el embargo fuera excesivo, el deudor podría presentar una moción al tribunal para que éste se reduzca. Pueblo v. Berríos, 43 D.P.R. 558 (1932).
El carácter imperativo de la exigencia impuesta por el foro primario tampoco se justifica con un interés práctico de asegurar que la ejecución se llevará a cabo de la forma más rápida y eficaz posible, mediante conocimiento previo de los bienes que estarían sujetos a la ejecución. Cierta-mente, la dirección física de los bienes que serán objeto de la ejecución es necesaria para poder concretar el procedi-miento, pero ello no lo hace conditio sine qua non para autorizar el mandamiento de ejecución; menos aún, si el promovente desconoce tal información. Al momento en que se solicita la expedición del mandamiento —ya sea direc-tamente al secretario del tribunal o mediante el juez de sala— con el fin de satisfacer una sentencia en cobro de dinero, el promovente de la ejecución sólo tiene que presen-tar la sentencia a su favor dentro de los primeros cinco años de advenir final y firme. Una vez el mandamiento de ejecución es expedido y dirigido al alguacil del tribunal, entonces será necesario que el acreedor interesado en lo-grar el diligenciamiento del mandamiento le provea al al-guacil un “señalamiento de bienes” con la información ne-cesaria para ello. Sin duda, la dirección de los bienes del deudor deberá ser provista para dicho fin.
Si fuera forzoso que el acreedor por sentencia proveyera al tribunal la dirección física de los bienes del deudor antes *178 de poder obtener un mandamiento de ejecución, en innu-merables ocasiones el acreedor tendría que contactar al propio deudor para indagar sobre los pormenores de sus bienes, como aduce la peticionaria. Ello constituiría una notificación similar a las que las reglas sobre ejecución de sentencia pretenden evitar cuando ésta se realiza dentro de los cinco años de advenir final y firme la sentencia, pues el deudor tendría la oportunidad de esconder o desaparecer sus bienes con el fin de eludir su obligación monetaria. De ser necesario que el acreedor requiera dicha información del deudor, aquél debe poder hacerlo lo más cercano posible a la efectiva ejecución de la sentencia, es decir, justo antes de requerir el diligenciamiento del mandamiento de ejecu-ción por parte del alguacil del tribunal. Hacerlo antes po-dría ser muy contraproducente para el acreedor que recu-rre al tribunal en busca de ver compensado su crédito. No obstante, somos conscientes de que en el caso de autos este factor no pudo pesar contra la peticionaria debido a que ella misma envió copia de la moción de ejecución de la sen-tencia a la parte recurrida cuando la presentó al foro pri-mario, dando entonces conocimiento a la otra parte de los esfuerzos que realizaba.
Ahora bien, el Tribunal de Primera Instancia podía atender la referida moción y bien podía pedir que se le proveyera la dirección física de los bienes del deudor para acelerar el procedimiento. Empero, dicho foro erró al con-dicionar su orden de ejecución a la presentación de esos datos, ya que las Reglas de Procedimiento Civil no los re-quieren para la expedición del mandamiento de ejecución de una sentencia en cobro de dinero promovida dentro del plazo de cinco años de convertirse en sentencia firme. Mu-cho menos cuando la intervención del juez en estos casos es totalmente innecesaria, pues como ya vimos, las Reglas de Procedimiento Civil establecen un mecanismo sencillo a través de las figuras del secretario del tribunal y el algua-cil para hacer efectivas las sentencias en cobro de dinero. *179 R. 51.1, supra; R. 51.2, supra; R. 51.5, supra. Estando la peticionaria imposibilitada de proveer al foro primario la información requerida, por ignorar en aquel entonces el paradero de los bienes a ser embargados, la orden de eje-cución de sentencia debió ser emitida.
IV
Por todo ello, considero que erró el Tribunal de Apela-ciones al denegar el recurso presentado ante su considera-ción y confirmar así la orden del Tribunal de Primera Ins-tancia, la cual exigía que se proveyera la dirección física de los bienes del deudor como requisito previo para ordenar la ejecución de una sentencia de cobro de dinero que fue soli-citada dentro del plazo de cinco años de ésta haber adve-nido final y firme. Revocaría así la resolución recurrida y declararía “con lugar” la Moción Solicitando la Ejecución de la Sentencia, presentada por la peticionaria.

 La peticionaria sostiene que la referida moción estaba acompañada de un Proyecto de Orden de Ejecución y Mandamiento, mas éste no consta en nuestro expediente ni en el del Tribunal de Apelaciones.

 Ante nosotros la peticionaria señaló la comisión del siguiente error:
“Erró el TA al negarse a expedir el auto de certiorari y sostener al TPI en su exigencia y requerimiento a la apelante de proveer información relativa a la direc-ción física donde ubican los bienes susceptibles de embargo de la apelada, como condición indispensable para dictar la orden de ejecución de sentencia dineraria dentro del término de cinco años de ser firme e impedir el libramiento del correspon-diente mandamiento de ejecución, aun cuando ello no es lo que se contempla, espe-cíficamente, en la Regla 51.2 de Procedimiento, [32 L.P.R.A. Ap. III (ed. 1983) ], ni en el actual estado de derecho.”

 La Regla 51.1 de Procedimiento Civil de 2009 (32 L.P.R.A. Ap. V) dispone:
“La parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedi-miento fijado en esta Regla 51, en cualquier tiempo dentro de cinco (5) años de ésta ser firme. Expirado dicho término, la sentencia podrá ejecutarse mediante autoriza-ción del tribunal, a moción de parte y previa notificación a todas las partes. Si des-pués de registrada la sentencia se suspende su ejecución por una orden o sentencia del tribunal, o por efecto de ley, el tiempo durante el cual ha sido suspendida dicha ejecución deberá excluirse del cómputo de los cinco (5) años durante los cuales podrá expedirse el mandamiento de ejecución.”