ORTIZ, PETICIONARIO Y APELANTE, *v.* JUEZ MUNICIPAL DE COAMO, DEMANDADO Y APELADO, Y TORRES & ENSEÑAT, INTERVENTORES Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce en un recurso sobre *certiorari.*

No. 1768.—Resuelto en abril 18, 1918.

EMPLAZAMIENTO—COPIA DE LA CITACIÓN.—La omisión de consignar al dorso de la copia de un emplazamiento el sitio y fecha de su entrega o notificación, no vicia de nulidad el emplazamiento, constituyendo una mera infracción

que puede servir de base a la corte que dictó la sentencia para, en uso de las facultades que le confiere el artículo 140 del Código de Enjuiciamiento Civil, dejarla sin efecto, en bien de la justicia y de acuerdo con las circunstancias que concurran en cada caso concreto que se someta a su consideración.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. A. Quintana Cajas* y *Rafael R. Rivera Zayas.*

Abogado de los interventores apelados: *Sr. Carlos Brunet.*

El juez demandado, Sr. Felipe Janer, no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia de la Corte de Distrito de Ponce desestimando finalmente cierta solicitud de *certiorari.*

Felipe Ortiz fué demandado en la Corte Municipal de Coamo en cobro de pesos por Torres y Enseñat. Se le emplazó debidamente cumpliéndose con todos los requisitos de la ley, con excepción del contenido en el último párrafo del artículo 92 del Código de Enjuiciamiento Civil, según veremos después. No contestó, se anotó su rebeldía y se dictó sentencia en contra suya. Días después de dictada la sentencia, el demandado pidió a la corte que la dejara sin efecto, porque el emplazamiento que se le había hecho era nulo. La corte oyó al demandado y declaró sin lugar su petición, basándose en el caso de *Llorens* v. *Castillo,* 22 D. P. R. 670. El demandado entonces presentó una solicitud de *certiorari* a la Corte de Distrito de Ponce, que, según dijimos, fué desestimada finalmente por dicho tribunal.

El artículo 92 del Código de Enjuiciamiento Civil, tal como fué puesto en vigor en 1904, no contenía la disposición referente a lo que debe hacerse constar al dorso de la copia que se entregue al emplazado. En 1911 se le adicionó dicha disposición, así: "Al servirse la copia de la citación se hará constar en aquélla a su dorso y por quien se haga, una copia literal del diligenciamiento y fecha de éste consignado en el original." (Comp. 1911, p. 857.) Y en 1915, ley No. 8, quedó

redactada del siguiente modo: "Al entregarse la copia de la citación se hará constar en aquélla a su dorso y por quien la haga, la fecha y sitio de la entrega o notificación, la cual firmará la persona que haga dicha citación, no siendo necesario que se copie literalmente el diligenciamiento consignado en el original."

En el presente caso, según se ha dicho, se cumplió con todo lo exigido por la ley, esto es, se emplazó al demandado en forma debida, entregándosele copia de la demanda y de la citación, pero en la copia de ésta nada se hizo constar con respecto a la fecha y sitio de la entrega.

La infracción de la ley es, pues, manifiesta, siendo la única cuestión a resolver la de los efectos que pueda tener dicha infracción en cuanto a la sentencia dictada en contra del demandado. ¿Es dicha sentencia nula en absoluto, por haber sido dictada sin haber la corte llegado a adquirir jurisdicción sobre la persona del demandado, o simplemente la infracción pudiera servir de base a la corte que dictó la sentencia para, en bien de la justicia y en uso de las facultades que le confiere el artículo 140 del Código de Enjuiciamiento Civil, dejarla sin efecto, de acuerdo con las circunstancias que concurran en cada caso que se presente a su consideración?

Debe advertirse que en este caso concreto que estamos estudiando y resolviendo el demandado no alegó que hubiera sido inducido a error por la falta de consignar al dorso de la copia que se le entregara el sitio y fecha de la notificación, a los efectos, por ejemplo, de la computación del término para contestar, o que hubiera sido perjudicado de cualquier otro modo, sino que se limitó a alegar que el emplazamiento era totalmente nulo y por tanto ineficaz la sentencia pronunciada sobre la base del mismo. También es conveniente advertir que el emplazamiento a que nos referimos es el segundo hecho al demandado en este pleito que se halla pendiente desde el año 1910.

En dos ocasiones se ha presentado esta cuestión a este tribunal, a saber: en el caso de *García* v. *Brignoni et al.*, 22.

D. P. R. 356 y en el citado de *Llórens* v. *Castillo,* ambos de-
cididos en 1915. En el primero se resolvió que el defecto
alegado era patente y la infracción de la ley manifiesta, pero
como la parte demandada se había sometido por su compa-
recencia voluntaria a la jurisdicción de la corte, no tuvimos
oportunidad de entrar a considerar el efecto que hubiera te-
nido la infracción en cuanto a la jurisdicción de la corte. En
el segundo fué más a fondo este tribunal y decidió que la in-
fracción de que se trata constituía una mera irregularidad
que no perjudicó sustancialmente los derechos del demandado
ni vició de nulidad el emplazamiento.   22 D. P. R. 671, 675.

La parte apelante no ha citado en su alegato jurispru-
dencia contraria a la establecida por esta corte, ni aducido
razón alguna de peso para un cambio de criterio por parte
de este tribunal. Siendo ello así, aplicando a este caso la
regla fijada en el de Llorens, *supra,* no habiéndose demos-
trado que el demandado fuera perjudicado en ningún derecho
sustancial, es necesario concluir que la Corte Municipal de
Coamo actuó correctamente y que debe confirmarse la sen-
tencia recurrida que pronunció la de distrito de Ponce el 6
de octubre de 1917.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, Aldrey y Hutchison.