RIVERA, DEMANDANTE Y APELADO, *v.* RIVERA, DEMANDADA
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez
en pleito sobre divorcio.

No. 2799.—Resuelto en febrero 5, 1923.

APERTURA DE REBELDÍA—SENTENCIA NULA—EMPLAZAMIENTO NULO—DISCRECIÓN
JUDICIAL. — No apareciendo hecha bajo juramento la manifestación de ser
mayor de 18 años de edad la persona que hizo el emplazamiento, y no ha-
biéndose enmendado el juramento para corregir la omisión, la sentencia dic-
tada en rebeldía es nula; y al negarse a declararlo así y a decretar, en su
consecuencia, la apertura de la rebeldía, abusó de su discreción la corte de
distrito.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Benet & Souffront.*

Abogados del apelado: *Sres. A. Arnaldo* y *J. Texidor.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del
tribunal.

Castor Lino Rivera radicó demanda en la Corte de Dis-
trito de Mayagüez solicitando un decreto de divorcio. Alegó
en resumen que contrajo matrimonio en Rockville, Mont-
gomery County, Maryland, con Mary Evelyn Easterday, el
25 de febrero de 1913; que vivió con ella hasta que habiendo
surgido diferencias se acordó que la esposa viniera a vivir
a Mayagüez, Puerto Rico, con los padres del demandante,
continuando éste en el Continente sus estudios de medicina;
que la esposa, sin motivo, se separó del hogar de los padres
del demandante y fué a vivir a Washington, D. C., mientras
el esposo residía en Chicago, Ill.; que desde febrero de
1916 la demandada deliberadamente abandonó a su esposo y
no obstante las gestiones y súplicas de éste, se negó a vivir
con él; que terminados sus estudios, el demandante regresó
a Puerto Rico y estando aquí llegó su esposa y fué a residir
separadamente a San Germán, sin que el demandante lo-
grara que viviera con él, en el mismo hogar, como marido
y mujer, por todo lo cual solicitó de la corte que declarara

roto y disuelto el vínculo matrimonial que lo unía con Mary Evelyn Rivera, antes Mary Evelyn Easterday.

Radicada la demanda se expidió por el secretario de la corte el emplazamiento que fué diligenciado así:

"Diligencia de emplazamiento y notificación a la demandada Mary Evelyn Rivera, antes Mary Evelyn Easterday.—*Affidavit* (declaración jurada).—Yo, Dionisio Ulises Pabón y Toro de 53 años de edad, casado, Agente de negocios judiciales y domiciliado en esta ciudad de San Germán, bajo juramento declaro: Que habiendo recibido orden del abogado Sr. don José Ramón Freyre para el diligenciamiento del precedente emplazamiento expedido por el Secretario de la Corte de Distrito de Mayagüez en el caso civil No. 6550 'Rivera vs. Rivera' sobre divorcio, para la notificación y emplazamiento de la demandada Mary Evelyn Rivera, el día 2 de abril de 1918, a las 10 a. m. me personé en el domicilio de dicha demandada sito en 153 Luna Street, en San Germán, P. R. y teniendo presente a dicha Mary Evelyn Rivera, antes Mary Evelyn Easterday, personalmente le emplacé y notifiqué de la demanda de autos, entregándole y dejando personalmente en poder de dicha demandada, una copia fiel y exacta de la demanda sobre Divorcio que contra ella ha sido radicada en la Secretaría de la Corte de Distrito del Distrito Judicial de Mayagüez, P. R. bajo el número 6550; habiéndole entregado a la vez, y dejado personalmente en su poder, una copia también fiel y exacta de la Cédula de Emplazamiento que motiva esta diligencia con constancia del día y hora en que dicha demandada fuera notificada y emplazada.—Declaro y juro además, que no soy parte en el pleito de autos que no tengo parentesco con ninguna de las partes en el mismo y menos interés de clase alguna en el asunto que lo motiva. Tal declaro y juro a todos los fines y efectos legales hoy en San Germán, P. R. a tres de Abril de 1918.—(Firmado) D. U. Pabón, declarante.—Número 487.—Suscrita y jurada ante mí hoy la precedente declaración por don Dionisio Ulises Pabón y Toro, casado, mayor de edad, Agente de Negocios Judiciales y vecino de esta ciudad, a quien personalmente conozco.—San Germán, Abril 3 de 1918.—(Firmado) Sebastián Quintana Ithier, Juez de Paz.—Hay un sello de Rentas Internas de veinticinco centavos cancelado."

No contestó la demandada. Se acusó su rebeldía. Se celebró el juicio en su ausencia el 15 de noviembre de 1918 y

el 18 del propio mes la corte dictó sentencia declarando la demanda con lugar.

Consta después de los autos que el secretario dirigió la notificación de la sentencia por correo a la demandada a su domicilio de la calle de la Luna número 153, de San Germán, P. R. La carta fué devuelta por la oficina de Correos, por no haberse reclamado. Entonces se ordenó la notificación de la sentencia por edictos que se publicaron en un periódico de la ciudad de Mayagüez, P. R.

Así las cosas, el 24 de marzo de 1922 la demandada compareció ante la corte y le pidió que dejara sin efecto la rebeldía y le permitiera archivar su contestación decidiendo entonces el caso por sus méritos. La moción presentada es larga. En ella se sostiene que la esposa no abandonó al esposo, ni fué notificada legalmente de la demanda por cuyo últmo motivo no consta que la corte adquiriera jurisdicción sobre la persona de la demandada.

La corte oyó a ambas partes y declaró sin lugar la apertura de la rebeldía, estableciendo entonces la demandada el presente recurso de apelación.

Examinados los anteriores hechos a la luz de la ley y de la constante jurisprudencia de esta corte sobre la materia, es necesario concluir que erró la corte al negarse a abrir la rebeldía. Véanse los artículos 92, 97 y 98 del Código de Enjuiciamiento Civil, Compilación de 1911, pág. 857, y las decisiones de esta corte en los casos de *Buonomo* v. *Sucesión Juncos,* 28 D. P. R. 409; *Goldsmith* v. *Villari,* 27 D. P. R. 794; *Quintana et al* v. *Aponte,* 26 D. P. R. 196; *Torres & Enseñat* v. *Alfaro,* 24 D. P. R. 731; *Serrano* v. *Berdiel et al.,* 22 D. P. R. 445; *Andino* v. *Knight,* 20 D. P. R. 198; *Freiría y Cia.* v. *Félix Hermanos y Co.,* 20 D. P. R. 159, y *Orcasitas* v. *Márquez et al.,* 19 D. P. R. 477.

No habiendo jurado la persona que hizo el emplazamiento que era mayor de 18 años de edad, ni habiéndose enmendado el juramento, la jurisdicción de la corte no surgía en propia

forma de los autos cuando la corte pronunció la sentencia en rebeldía, ni tampoco cuando dictó la orden recurrida.

Se trata en este caso de un pleito de divorcio. Lo inició el marido y la causa que se alega es el abandono. Existen hijos. La mujer que no fué emplazada cumpliéndose todas las exigencias que requiere la ley, comparece ahora y pide que el caso sea juzgado por sus méritos. Si existen ocasiones en que los tecnicismos de la ley pueden favorecer la causa de la justicia, es ésta claramente una de ellas.

Debe revocarse la orden apelada, anularse la sentencia, abrirse la rebeldía y concederse diez días a la demandada, contados a partir del en que esta sentencia sea radicada en la corte de distrito, para que archive su contestación.

*Revocada la orden recurrida y anulada la sentencia en rebeldía.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.