AUTORIDAD DE LAS FUENTES FLUVIALES DE PUERTO RICO, peticionaria, *v.* TRIBUNAL SUPERIOR, SALA DE CAGUAS, HON. JUAN C. SANTIAGO MATOS, JUEZ, demandado; LUIS C. LÓPEZ VELÁZQUEZ, interventor.

*Número:* O-70-46    *Resuelto:* 15 de octubre de 1970

*Aladino Torres Rivera,* abogado de la peticionaria; *José Luis Rodríguez Jímenez,* abogado del interventor.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Expedimos el auto en este caso para revisar la sentencia del tribunal de instancia de 10 de diciembre de 1969 al efecto de que (1) en vista de que no se niega la citación "la ausencia de las constancias del diligenciamiento al dorso del emplazamiento es materia de defensa que debió levantarse al hacerse una alegación responsiva"; (2) el Tribunal de Distrito adquirió jurisdicción sobre la persona de la peticionaria a pesar de la ausencia del diligenciamiento al dorso del emplazamiento pues tal hecho no "era una objeción válida para no contestar en vista de que no se niega que la peticionaria fuera emplazada"; y (3) como al tribunal sentenciador no se le puso en condición de ejercitar su discreción judicial solicitada, no procede aplicar la Regla 49.2 de las de Procedimiento Civil y en tal virtud relevar a la peticionaria de la sentencia dictada en su contra.

Veamos las circunstancias que dieron lugar a la sentencia impugnada.

Con fecha 19 de agosto de 1968 el interventor Luis C. López Velázquez demandó a la aquí peticionaria, Autoridad de las Fuentes Fluviales, ante el Tribunal de Distrito, Sala de Caguas, por los daños sufridos por él con motivo de una indebida suspensión de servicios de electricidad en su residencia. Anotada la rebeldía de la peticionaria se celebró la vista del caso en la fecha señalada para la misma en 2 de octubre de 1968. En 8 de octubre de 1968 se dictó sentencia declarando con lugar la demanda y condenando a la peticionaria a pagar al interventor la suma de $1,500 por con-

cepto de daños y perjuicios. En 30 de octubre de 1968 la peticionaria radicó una moción en dicho tribunal impugnando el emplazamiento que se le hizo en este caso por ser insuficiente debido a que no se hizo constar al dorso del mismo, ni el lugar ni la hora del diligenciamiento ni la persona a quien se entregó ni la firma del diligenciante, circunstancia que se comprueba de la copia fotostática del emplazamiento unida a dicha moción y que fue presentada en evidencia en la vista de la referida moción. En la referida vista, el interventor no adujo prueba alguna tendiente a subsanar el defecto en el diligenciamiento del referido emplazamiento.

En 13 de diciembre de 1968 el Tribunal de Distrito dictó resolución declarando la mencionada moción sin lugar porque "No habiéndose atacado el hecho de la citación ni demostrado que la demandada resultó perjudicada de manera sustancial en sus derechos por el defecto que alegadamente adolece el diligenciamiento de la copia que del emplazamiento le fue entregada junto con la demanda . . . el tribunal actuó con jurisdicción . . . sobre la persona de la demandada al dictar la sentencia."

El Tribunal Superior, Sala de Caguas, al cual recurrió la peticionaria mediante recurso de *certiorari*, confirmó la sentencia del Tribunal de Distrito mediante el dictamen que resumimos al comienzo de esta opinión y del cual se recurre ante nos.

Apunta la peticionaria que el Tribunal Superior, Sala de Caguas, incidió al resolver que (1) ". . . no diligenciada al dorso la copia del emplazamiento que se acompaña a la copia de la demanda que recibe el demandado, y ausente prueba aliunde de haberse efectuado en forma personal, confiere jurisdicción al Tribunal sobre la persona de la parte demandada"; (2) ". . . la falta de diligenciamiento al dorso de la copia del emplazamiento que se entrega al demandado que induce a error a dicha parte en cuanto al plazo para

contestar y sobre su obligación legal de contestar o no una demanda no justifica la concesión de remedios bajo la Regla 49.2 de las de Procedimiento Civil"; (3) ". . . la demandada en el pleito original no puso al Honorable Tribunal de Distrito, Sala de Caguas, en condiciones de ejercer su discreción judicial."

Informa la peticionaria que el 27 de agosto de 1968 se recibió en su División Legal una copia de la demanda en este caso y una copia del emplazamiento no diligenciado al dorso y que el 4 de octubre de 1968 la peticionaria fue notificada de la sentencia en rebeldía dictada por el Tribunal de Distrito, Sala de Caguas, en 8 de octubre de 1968. Por otra parte, indica el interventor que el emplazamiento de la peticionaria se efectuó en 21 de agosto de 1968 en la persona del gerente de su oficina en Caguas; que obra en autos una certificación jurada dictada por la persona que practicó el emplazamiento en que hace constar que entregó copia de la demanda y del emplazamiento al referido gerente.

La Regla 4.3 de las de Procedimiento Civil provee que el emplazamiento "será diligenciado por el alguacil o cualquier otra persona mayor de edad que sepa leer y escribir y que no sea la parte ni su abogado ni tenga interés en el pleito." La Regla 4.4 de dicho cuerpo de reglas dispone que "al entregar copia del emplazamiento [el diligenciante] hará constar al dorso de aquélla sobre su firma, la fecha y el lugar de dicha entrega y el nombre de la persona a quien se hizo la misma." La Regla 10.2 del mismo cuerpo de reglas dispone que la insuficiencia del diligenciamiento del emplazamiento así como la falta de jurisdicción sobre el demandado puede levantarse antes de contestar. No se incluye específicamente entre las defensas relacionadas en esta última regla, el hecho de no hacerse constar al dorso del emplazamiento la información requerida por las Reglas 4.3 y 4.4 que acabamos de hacer referencia.

No hay duda de que en el caso ante nos no se ha cumplido con los anteriores requisitos de la referida Regla 4. ¿Cuál es el efecto en derecho de tal incumplimiento? Antes de contestar la anterior interrogante, debemos determinar si en derecho la peticionaria se dio por emplazada como parece asumir el tribunal de instancia, además de considerar otras cuestiones que relacionamos a continuación.

■ El hecho de que a los efectos de impugnar el emplazamiento la peticionaria informa al Tribunal de Distrito de los documentos que se recibieron por correo en su División Legal, no constituye, obviamente, una admisión de la parte de que había sido emplazada personalmente conforme a derecho.

Examinemos ahora el historial y propósito legislativo de la Regla 4.4 de las de Procedimiento Civil.

Hasta 1911, el Art. 92 del Código de Enjuiciamiento Civil, que entonces regulaba lo relativo al asunto que nos ocupa, nada disponía sobre diligenciamiento al dorso de la copia del emplazamiento que se entregaba al demandado.

Mediante la Ley Núm. 70 de 1911 se adicionó a tal artículo el requisito de diligenciamiento al dorso, tal y como hoy figura en la Regla 4.4 de las de Procedimiento Civil.

Mediante la Ley Núm. 8 de 1915 se enmendó lo relativo a dicho diligenciamiento para limitarlo a sólo la fecha y sitio de la entrega, siempre bajo la firma del diligenciante. Se eliminó, pues, lo relativo a nombre del diligenciante y persona a quien se emplazaba. Es bajo este estado de derecho que se resuelven los casos de *Ortiz* v. *Juez Municipal, et al.*, 26 D.P.R. 302 (1918) y *Llorens* v. *Castillo*, 22 D.P.R. 670 (1915).

Al adoptarse las Reglas de Procedimiento Civil de 1943, y luego en su revisión de 1958, se restauró el contenido de la norma a su presente texto en la Regla 4.4 en lo que respecta al diligenciamiento al dorso de la copia que se entrega al demandado.

■ El propósito de los requisitos prescritos por las Reglas 4.3 y 4.4 es dar aviso al demandado, primero, de la persona a quien se entregó el emplazamiento para que pueda determinar que se entregó a persona capacitada en derecho para recibirlo pues de lo contrario el emplazamiento es nulo y no confiere jurisdicción. *García León* v. *Sucn. Dávila*, 45 D.P.R. 165 (1933); *Federal Land Bank of Baltimore* v. *Corte*, 45 D.P.R. 117 (1933); *Isaach* v. *Del Toro*, 33 D.P.R. 1000 (1925); segundo, de la fecha en que se emplazó para que el demandado pueda determinar el plazo de tiempo que le fija la ley para tomar las medidas que estime oportunas en defensa de sus derechos. *A.F.F.* v. *Tribunal Superior*, 93 D.P.R. 903 (1967); *Rivera* v. *Corte*, 68 D.P.R. 673, 677 (1946); *Torres & Enseñat* v. *Alfaro*, 24 D.P.R. 731 (1917); y tercero, de la persona diligenciante del emplazamiento quien debe reunir la capacidad legal para hacerlo que prescribe la Regla 4.3, antes citada. *Rivera* v. *De Arce*, 55 D.P.R. 331 (1939); *Rivera* v. *Rivera*, 31 D.P.R. 449 (1923); *López* v. *Quiñones*, 30 D.P.R. 342 (1922).

■ Como indica la peticionaria, es el deber del demandante realizar por los medios que la ley autoriza como los que provee la referida Regla 4.4, todos los actos necesarios para conferir al tribunal completa jurisdicción sobre la persona del demandado sin que a ello venga en forma alguna el demandado obligado a cooperar. *Rivera* v. *Corte*, supra.

■ Es cierto que en *Lawton* v. *Porto Rico Fruit Exchange*, 42 D.P.R. 291 (1931), dijimos que lo que concede jurisdicción al tribunal es el hecho de la citación y no la certificación que de la entrega del emplazamiento haga el diligenciante. Pero este caso es distinguible del que nos ocupa en los siguientes extremos:

"(1) El caso Lawton es uno en que se ataca en forma colateral un emplazamiento habido en otro caso; (2) del récord del propio caso donde alegadamente mediaron defectos en el emplazamiento, surge que la persona demandada (Lawton),

mediante carta, admitió haber recibido el emplazamiento; (3) del récord mismo también surge que el demandado expresó su propósito de procurar una transacción, o de lo contrario, gestionaría representación legal para litigar el caso; (4) no plantea dicho caso, como se plantea ahora, la cuestión de falta de diligenciamiento al dorso de la copia del emplazamiento."

En los casos en que hemos resuelto que los defectos en cuestión no anulan la validez del emplazamiento, hubo prueba de que el defecto no se cometió, prueba que no se adujo en el caso ante nos. *Hernández* v. *Zapater*, 82 D.P.R. 777 (1961) ([1]); *Rivera* v. *De Arce*, supra; *Arrarás* v. *Arzuaga*, 53 D.P.R. 713 (1938); *Lawton*, supra; *Ortiz* v. *San Miguel*, 34 D.P.R. 228 (1925).

En *Kalich* v. *Bryson*, 453 P.2d 659 (Ore. 1969), se dijo que al no informarse al demandado del término dentro del cual debía contestar la demanda, tenía éste derecho a asumir que tal notificación se le daría y hasta entonces no debe permitirse que se ponga en movimiento la maquinaria judicial en perjuicio suyo, lo que quiere decir, que mientras tanto el tribunal no adquirió jurisdicción sobre la persona del demandado y en tal virtud la sentencia dictada en rebeldía es nula. *Rees* v. *Scott*, 329 P.2d 877 (Utah 1958); *Utah Sand* v. *Tolbert*, 402 P.2d 703 (Utah 1965); *Thomas* v. *District Court*, 171 P.2d 667 (Utah 1946); Véanse, además, *White* v. *O'Neill*, 164 N.W.2d 79 (Iowa 1969); *Eastern Iowa Light & P. Coop.* v. *Interstate Power Co.*, 164 N.W.2d 135 (Iowa 1969); *State* v. *Montgomery*, 422 S.W.2d 661 (Mo. 1967); *Sharp* v. *Valley Forge Medical Center and Heart Hosp.*, 221 A.2d 185 (Pa. 1966); *Ronan* v. *First National Bank of Arizona*, 367 P.2d 950 (Ariz. 1962); *State* v. *Allison*, 328 S.W.2d 952 (Mo. 1959); *Weber* v. *Williams*, 324 P.2d 365 (Colo. 1958); *Sternbeck* v. *Buck*, 307 P.2d 970 (Cal. App. 1957).

---

[1] En este caso se resume y analiza nuestra jurisprudencia con respecto a defectos en el emplazamiento o en su diligenciamiento.

318

Lo dicho en *Ortiz* v. *Juez Municipal, et al.*, supra, y *Llorens* v. *Castillo*, supra, que pueda interpretarse como contrario o inconsistente con lo expuesto previamente, no tiene virtualidad en la actualidad.

■ Nos parece claro que resultaba innecesario incluir específicamente entre las defensas relacionadas en la referida Regla 10.2, el incumplimiento con los requisitos de las Reglas 4.3 y 4.4 pues dicho incumplimiento, como hemos demostrado, tiene por resultado el que no se adquiera jurisdicción sobre el demandado. La falta de jurisdicción es una de tales defensas.

En vista de lo expuesto, resulta innecesario discutir los otros dos apuntamientos de la peticionaria.

Por lo tanto, *se declara nulo y sin valor o efecto alguno el emplazamiento en este caso y en tal virtud se deja sin efecto la sentencia dictada por el Tribunal Superior, Sala de Caguas, así como la resolución y la sentencia del Tribunal de Distrito, Sala de Caguas, y se ordena que se devuelva el caso a este último Tribunal para la continuación de los procedimientos.*

Señor Juez Presidente, al igual que los Jueces Asociados Señores Pérez Pimentel, Santana Becerra y Martínez Muñoz, no intervinieron.

