LUIS BELTRÁN Y MYRNA SOSA DE BELTRÁN, demandantes y recurrentes, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, HON. SECRETARIO DE JUSTICIA, demandados y recurridos.

*Número:* R-72-216          *Resuelto:* 29 de marzo de 1974

*Héctor Reichard* y *Héctor Reichard, Jr.,* abogados de los recurrentes; *Gilberto Gierbolini, Procurador General, J. F. Rodríguez Rivera, Procurador General Interino,* y *Cándita R. Orlandi, Procuradora General Auxiliar,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

A base de una interpretación literal del artículo cinco de la Ley Núm. 104 de 1955, 32 L.P.R.A. secs. 3077 *et seq.,* el Tribunal Superior, Sala de Aguadilla, desestimó una reclamación en daños y perjuicios contra el Estado Libre Asociado. ([1])

La demanda en el presente caso se radicó en el Tribunal Superior, Sala de Aguadilla, el 29 de octubre de 1970. Ese mismo día, el abogado de la parte demandante le remitió por correo al alguacil de la Sala de San Juan copia de la demanda y el emplazamiento para ser diligenciado. En carta de fecha 10 de diciembre de 1970 el alguacil le requirió que le enviara copia de la demanda por habérsele extraviado ésta, y un sello adicional de Rentas Internas de 25 centavos. El 16 de diciembre el abogado cumplió con lo solicitado. El 28 de diciembre de 1970 se emplazó al Secretario de Justicia. En su alegato la parte recurrida sostiene que para cumplir con el Art. 5 de la Ley Núm. 104 es necesario emplazar al Secretario de Justicia coetáneamente con la radicación de la demanda.

La referida Ley Núm. 104 fue aprobada estando aún vigentes las Reglas de Enjuiciamiento Civil de 1943, que disponían que en reclamaciones contra el Estado sólo se

---

([1]) El Art. 5 de la Ley Núm. 104 del 29 de junio de 1955 (32 L.P.R.A. sec. 3080) dispone lo siguiente:

"El emplazamiento y todos los procedimientos subsiguientes se regirán por las Reglas de Enjuiciamiento Civil excepto que en todo caso, el Secretario de Justicia será también emplazado al comienzo de la acción."

emplazaría al Gobernador de Puerto Rico. Regla 4(d)(5). La Asamblea Legislativa al aprobar la Ley Núm. 104 de 1955 sobre renuncia de inmunidad por el Estado estimó conveniente ampliar la referida Regla 4(d)(5) de Enjuiciamiento Civil para exigir que se notificara la reclamación conjuntamente al Secretario de Justicia y al Gobernador.

■ Posteriormente, en 1958, se aprobaron las Reglas de Procedimiento Civil vigentes, que eliminaron el requisito de notificarle la demanda al Gobernador, exigiendo en su lugar que se notifique solamente al Secretario de Justicia. Con la aprobación de las Reglas de Procedimiento Civil de 1958, el propósito del Art. 5 de la Ley Núm. 104 se tornó académico. Obviamente el propósito de lo dispuesto por la Ley Núm. 104 era que se emplazara también al Secretario de Justicia. Ciertamente no fue su propósito que el emplazamiento se hiciera coetáneo con la radicación de la demanda. La expresión "al comienzo de la acción" en dicha ley no es sinónimo de coetáneo; comprende el plazo razonable o término legal dispuesto para diligenciar el emplazamiento, y no debe confundirse con el concepto de simultaneidad. No debemos ahora darle vigencia literal a dicha disposición e ignorar la verdadera intención legislativa.

■ No es justo y razonable imponerle a un reclamante contra el Estado la obligación de emplazar conjuntamente con la radicación de la demanda. Aunque hemos resuelto que el procedimiento para emplazar es de estricto cumplimiento, *A.F.F.* v. *Tribunal Superior*, 99 D.P.R. 310 (1970), no se debe obstaculizar más este procedimiento sin justificación convincente mediante una interpretación literal de la ley.

Aparte de lo expuesto, hemos visto que el demandante cumplió sustancialmente con la interpretación estricta del estatuto al remitirle al alguacil para su diligenciamiento copia de la demanda y el emplazamiento el mismo día que radicó su acción. Cuando en carta de 10 de diciembre el al-

guacil pide copia de la demanda, la envía el 16 de diciembre, diligenciándose el emplazamiento el 28 siguiente. Ciertamente el demandante fue diligente.

*Se revocará la sentencia y se devolverá el caso para ulteriores procedimientos compatibles con esta opinión.*

