Aponte Jiménez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Nos solicita la parte demandada-peticionaria, la corporación Jet Auto Sales, Inc., que revoquemos el dictamen emitido por la Sala de Juana Díaz del Tribunal de Primera Instancia, Sub-sección de *925 Distrito, el cual denegó su moción solicitando la desestimación de la demanda presentada en su contra por razón de no haberse hecho constar el nombre de la persona a quien alegadamente se le entregó la copia de la demanda y del emplazamiento expedido al diligenciarlo. Por los fundamentos que a continuación esbozamos, se expide el auto de certiorari solicitado y se revoca la resolución recurrida.
El trasfondo procesal pertinente a la exposición y resolución del caso, según surge de los autos ante nos, se desarrolló como sigue: El 6 de abril de 1998, el foro de instancia dictó sentencia en rebeldía, por no haber contestado la demanda, contra la corporación Jet Auto Sales, Inc. (en adelante, "Jet Auto Sales") en un caso sobre incumplimiento de contrato y daños y perjuicios presentado por los demandantes-recurridos. Dicha sentencia se notificó el 8 de abril próximo. Mediante escrito intitulado "Comparecencia Especial Sin Someterse A La Jurisdicción Del Tribunal Para Impugnar La Suficiencia Del Emplazamiento", de fecha 24 de abril de 1998, Jet Auto Sales solicitó del foro a quo la desestimación de la demanda presentada en su contra por los demandantes-recurridos. Adujo que el emplazamiento expedido se diligenció, según consta del mismo, "en las oficinas [de] Jet Auto Sales[,] Inc., "sin que se desprenda del mismo a [qué] persona se le entregó". Argumentó que el diligenciamiento realizado de esa forma no cumple con lo establecido en la Regla 4.4(e) de las de Procedimiento Civil en vigor, 32 L.P.R.A. Ap. III, R. 4.4(e), la cual requiere que el emplazamiento a una corporación sea diligenciado entregando copia del mismo y de la demanda a un oficial, gerente administrativo o agente general, o a cualquier otro agente autorizado por nombramiento o designado por ley para recibir emplazamientos.
Los demandantes-recurridos, se opusieron. Señalaron que se le entregó copia de la demanda y del emplazamiento a Jet Auto Sales "en la oficina principal de la corporación a quien allí informó que era la persona encargada para recibir emplazamientos". Enfatizaron, además, que aunque la contestación a la demanda de Jet Auto Sales se presentó el 27 de abril de 1998, la misma lleva fecha de 30 de diciembre de 1997, lo que demuestra que dicha parte recibió copia de la demanda y del emplazamiento desde antes de su comparecencia del 27 de abril de 1998. i
El'tribunal recurrido emitió resolución. Acogió el escrito presentado como uno al amparo de la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 49.2, habida cuenta de que desde el 8 de abril de 1998 se había notificado la sentencia en rebeldía emitida contra Jet Auto Sales por lo que el término para solicitar reconsideración ya había transcurrido. Concedió a los demandantes-recurridos quince (15) días para que mostraran causa por la cual no debería dejar sin efecto la sentencia dictada en rebeldía. Atendida la comparecencia de los demandantes-recurridos a esos fines, declaró sin lugar la solicitud de Jet Auto Sales. Dejó en todo vigor y efecto la sentencia en rebeldía dictada previamente en su contra.
Inconforme, Jet Auto Sales acude ante nos. Imputa la comisión de dos (2) errores al tribunal de instancia, a saber: (1) que dicho foro incidió al "no decretar nulo el emplazamiento por no cumplir con la Regla 4.5 [sic] de las de Procedimiento Civil", y 2) al dictar una sentencia en rebeldía sin celebrar una vista para cuantificar los daños. Con el escrito acompaña copia de los siguientes documentos: su comparecencia acogida por el tribunal como una moción al amparo de la Regla 49.2; la orden del tribunal a esos fines, la cual intima a los demandantes-recurridos a mostrar causa; la oposición de éstos; el emplazamiento expedido con su diligenciamiento al dorso; y la resolución recurrida que denegó la moción sometida por Jet Auto Sales para que se dejase sin efecto la sentencia. En cuanto al primer error apuntado, fundamenta el mismo en base a los mismos argumentos levantados ante el foro de instancia, i.e., que el emplazamiento expedida no fue diligenciado conforme lo requiere la Regla 4.4(e) de Procedimiento Civil, supra. Referente al segundo error planteado, señala que tratándose de una acción de daños y perjuicios, había que señalar una vista para adjudicar los mismos, lo cual omitió hacer el tribunal recurrido.
De los autos ante nos surge que el 20 de octubre de 1997 la Secretaria del foro de instancia expidió un emplazamiento dirigido a Jet Auto Sales como parte demandada en un caso sobre incumplimiento de contrato y daños y perjuicios presentado por los demandantes -recurridos. Dicho emplazamiento fue diligenciado por una persona particular quien hizo constar al dorso meramente que notificó personalmente "a Jet Auto Sales, Inc." entregándole copia del mismo y de la demanda presentada en su contra el 6 de noviembre de 1997 a las 4:00 de la tarde. Id., exhibit E, apéndice Jet Auto Sales.
*926 Como se sabe, la citación o emplazamiento del demandado es el paso inicial del debido proceso de ley. Permite el ejercicio de jurisdicción para poder el tribunal adjudicar sus derechos. Ramón Lanzó Llanos v. Banco de la Vivienda de Puerto Rico y otros, 93 J.T.S. 86. La indebida notificación de un demandado produce la nulidad de una sentencia dictada por falta de jurisdicción in personam. Id., Lanzó Llanos, pág. 10772; Reyes Martínez v. Oriental Federal Savings, 93 J.T.S. 50. "Una sentencia dictada sin tal notificación y oportunidad carece de todos los atributos de una determinación judicial; es una usurpación y opresión judicial y nunca puede ser sostenida donde la justicia se administra justicieramente. ” Granados v. Rodríguez Estrada II, 124 D.P.R. 593, 665 (1989).
El emplazamiento a una corporación demandada está regido en esta jurisdicción principalmente por la nueva Ley General de Corporaciones en vigor desde el primero (1ro.) de septiembre de 1996. Conforme su Art. 12.02 (14 L.P.R.A. sec. 3126), se puede emplazar a una corporación organizada en el Estado Libre Asociado de Puerto Rico (doméstica) entregando copia del emplazamiento a cualquier oficial o director de la corporación o al agente inscrito de la corporación ambos en el Estado Libre Asociado de Puerto Rico. También se puede diligenciar el emplazamiento dejándolo en el domicilio o residencia habitual de cualquier oficial, director inscrito, si éste es un individuo, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado de Puerto Rico. Cuando el emplazamiento es diligenciado mediante la entrega de una copia'en el domicilio o residencia habitual de cualquier oficial, director o agente inscrito, o en la oficina designada u otra sede de negocios de la corporación en el Estado Libre Asociado, para que pueda ser eficaz deberá dejarse en presencia de un adulto por lo menos seis (6) días previos a la fecha del señalamiento del procedimiento judicial debiendo el emplazador informar claramente la forma del diligenciamiento en la notificación del mismo. Id., Art. 12.02. Añade dicho precepto que "[cjuando mediante la debida diligencia no pudiere emplazarse una corporación [doméstica] entregando el emplazamiento a cualquier persona autorizada para recibirlo según lo dispuesto en el inciso (a) de [esa sección], tal emplazamiento se diligenciará según lo dispuesto en las Reglas de Procedimiento Civil del Estado Libre Asociado. ” Véase, a esos efectos, Riego Zúñiga v. Líneas Aéreas Costarricenses, S.A., 95 J.T.S. 155. Como se ve, la propia ley ha establecido cuándo, como medio alterno, un emplazamiento dirigido a una corporación doméstica se podrá diligenciar utilizando las Reglas de Procedimiento Civil.
De otra parte, los artículos 13.12 y 13.14 de esa misma Ley, 14 L.P.R.A. sees. 3173 y 3174, regulan, a su vez, la forma de emplazar a corporaciones foráneas, es decir, aquellas organizadas con arreglo a cualquier jurisdicción que no sea el Estado Libre Asociado de Puerto Rico. El modo de emplazar a una corporación foránea varía dependiendo de si ha sido autorizada a hacer negocios en el Estado Libre Asociado de Puerto Rico, o no. Cuando ha sido autorizada a hacer negocios en Puerto Rico, se le puede emplazar a través del agente residente, información ésta que debe surgir de la solicitud para hacer negocios radicada ante el Departamento de Estado. Si no tiene agente residente, se le puede emplazar por correo registrado o certificado con acuse de recibo, dirigido al secretario de la corporación en su oficina designada, según se desprenda de la solicitud formulada ante el Departamento de Estado para que se le expida un certificado de autorización, o en su informe anual más reciente. Id., Art. 13.12.
Si por el contrario se trata de una corporación foránea que no ha obtenido autorización como lo requiere la ley, pero que hace negocios en Puerto Rico y se cumple con los requisitos y principios de contactos mínimos, entonces se le puede emplazar a través del Secretario de Estado como su agente. Id., Art. 13.14, supra. Ante la ausencia de una disposición similar a la del Art. 12.02 supra, limitando el uso de las Reglas de Procedimiento Civil para emplazar a una corporación doméstica, lo anterior no impide, en cuanto a corporaciones foráneas que están autorizadas a hacer negocios en Puerto Rico se refiere, que puedan éstas también ser emplazadas entregando copia del emplazamiento y de la demanda a un oficial, gerente administrativo o agente general, o a cualquier otro autorizado por nombramiento o designado por ley para recibir emplazamiento, todo ello de conformidad con la Regla 4.4(e) de Procedimiento Civil. Cf., Riego Zúñiga, supra.
De otro lado, la política pública en nuestro ordenamiento exige que los emplazamientos se diligencien correctamente. Ello evita que se utilice el proceso judicial para privar a un demandado del debido procedimiento de ley. First Bank of Puerto Rico v. Inmobiliaria Nacional, Inc., 98 J.T.S. 18, pág. 600. Para que un tribunal adquiera jurisdicción sobre un demandado, los requisitos preceptuados en la Regla 4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R.4, sobre la forma de *927 emplazamientos y su diligenciamiento, deben cumplirse estrictamente. Freddy Peguero y otros v. William Hernández Pellot, etc., 95 J.T.S. 156. Al tomar la determinación de si un tribunal ha adquirido jurisdicción sobre un demandado resulta menester examinar las normas y disposiciones técnicas de dicho precepto procesal civil. Id., Freddy Peguero, supra, pág. 341. De no cumplirse con éstos estrictamente, el tribunal no adquiere jurisdicción sobre el demandado. Id., First Bank of Puerto Rico, pág. 599. Entre estos requisitos la Regla 4.4 requiere que al entregarse al demandado la copia del emplazamiento se hará constar al dorso la fecha, lugar de entrega y "el nombre de la persona a quien se hizo la misma." Id., Regla 4.4. El propósito de exigir que se haga constar el nombre de la persona a quien le entregaron el emplazamiento es acreditar su entrega a una persona capacitada en derecho para recibirlo. A.F.F. v. Tribunal Superior, 99 D.P.R. 310, 316 (1970). Un diligenciamiento que omite consignar el nombre de la persona a quien se entregó el emplazamiento es nulo y no confiere jurisdicción alguna al tribunal. Ibid., A.F.F. v. Tribunal Superior, supra, pág. 316.
Aunque los autos ante nos reflejan que nadie cuestiona la personalidad jurídica corporativa de Jet Auto Sales, sin embargo, no sabemos si ésta es una corporación doméstica o foránea ni si está o no autorizada a hacer negocios en Puerto Rico, de ser foránea. Empero, ello no es óbice para adjudicar la controversia planteada en este caso. Si es que se trata de una corporación doméstica, en el emplazamiento diligenciado por persona particular no se hizo constar el nombre del agente, director, oficial, gerente administrativo, agente general, residente o autorizado, a quien se le entregó el emplazamiento. Aducen los demandantes-recurridos que el emplazamiento y la demanda se entregaron en la oficina de negocio de la corporación a la persona que allí informó que estaba autorizado para recibirlo. Sin embargo, no sólo deja de identificar la persona que alegadamente le informó al emplazador que tenía autorización para recibir el emplazamiento sino que en ningún momento solicitó del tribunal recurrido que enmendara el diligenciamiento del emplazamiento conforme lo permite la Regla 49 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 49.
Aunque a tenor de la nueva Ley General de Corporaciones está en orden que se entregue el emplazamiento en la oficina designada u otra sede de negocios en el Estado Libre Asociado de Puerto Rico, cuando ésta es doméstica, para que el emplazamiento así diligenciado pueda cobrar eficacia deberá dejarse en el lugar designado en presencia de un adulto por lo menos seis (6) días previo a la fecha del señalamiento del procedimiento judicial, en este caso la contestación a la demanda. En tal situación, el emplazador informará claramente la forma del diligenciamiento en la notificación del mismo. Id., Art. 12.02, supra. Surge de la copia del emplazamiento diligenciado ante nos que no se hizo ello constar así en ningún lugar del emplazamiento diligenciado.
De otra parte, si se tratase de una corporación foránea, menos aún se cumplió con las disposiciones aplicables. No hay constancia en los autos para acreditar que se le entregara copia del emplazamiento al agente residente o que se remitiera el mismo por correo certificado al secretario de la corporación por no contar Jet Auto Sales con un agente residente, forma ésta contemplada en la alternativa por la Ley de Corporaciones para cuando se vaya a emplazar una corporación foránea autorizada para hacer negocios en la Isla, pero que no cuenta con un agente residente inscrito como tal. Art. 13.12, supra. Tampoco se emplazó a la Secretaria de Estado, vehículo dispuesto por la ley cuando se emplaza a una corporación foránea que hace negocios en Puerto Rico y no está autorizada para ello. Id., Art. 13.14, supra. Ciertamente, tampoco surge de los autos que se le entregase la copia del emplazamiento a un oficial, gerente administrativo o agente general o cualquier otro autorizado por nombramiento o designado por Jet Auto Sales o por ley para recibir emplazamientos. Regla 4.4 (e) de Procedimiento Civil, supra.
No habiéndose diligenciado el emplazamiento de conformidad con los artículos 12.02,13.12 o 13.14 de la Ley General de Corporaciones ni con las Regla 4.3(e) y 4.4 de Procedimiento Civil, el tribunal no adquirió jurisdicción sobre Jet Auto Sales. Por consiguiente, estaba impedido de dictar sentencia en rebeldía en su contra. Incidió, pues, al declarar sin lugar la moción presentada por Jet Auto Sales, acogida como una al amparo de la Regla 49.2, supra, y negarse a dejar sin efecto la sentencia emitida. Determinado que se cometió ese error imputado, convierte en académico discutir y resolver el segundo error levantado en el recurso presentado por Jet Auto Sales.
A la luz de este esquema legal y procesal, se expide el auto de certiorari solicitado a los fines de dejar sin efecto la sentencia en rebeldía emitida por el foro de instancia en contra de Jet Auto Sales. Se *928 devuelve el caso al tribunal de instancia para que expida nuevos emplazamientos contra Jet Auto Sales y los entregue a la parte demandante-recurrida para su diligenciamiento de forma compatible con lo aquí dispuesto.
El Juez Negrón Soto emite voto concurrente por separado.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
VOTO CONCURRENTE DEL JUEZ DE APELACIONES SR. NEGRON SOTO — 99 DTA 62
Concurro con lo expuesto en la Sentencia emitida en el día de hoy en este recurso por voz del compañero Juez Aponte Jiménez.
No obstante, entiendo necesario emitir este voto explicativo en atención a que en la Resolución del 21 de agosto de 1998 -donde se le solicitó a la demandada-peticionaria que mostrara causa del porqué no se debía expedir el auto solicitado a los fines de revocar el dictamen recurrido disentí expresando que desestimaría el recurso presentado por incumplimiento con la Regla 34 E. del Reglamento de este Foro apelativo. Ello se debió a que la peticionaria no incluyó como parte de su apéndice copia de la demanda, de la contestación a la misma y de la sentencia de archivo emitida el 6 de abril de 1998, y archivada en autos el 8 de abril siguiente. 
La Regla 54.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone en lo pertinente lo siguiente:

"(a) Todo escrito de apelación y toda solicitud de certiorari incluirá un apéndice. Ese apéndice, junto al apéndice del alegato de la parte apelada o recurrida, será el legajo en apelación o certiorari ante el Tribunal de Circuito de Apelaciones, salvo que el tribunal ordene que se prescinda de éste y se eleve el expediente original.

(b) Los siguientes documentos formarán parte del apéndice del escrito inicial de apelación o certiorari:

(1) La demanda y la contestación;

(2) la sentencia de la cual se apela o la resolución u orden de la cual se recurre;

(3) toda resolución u orden, y toda moción o escrito de cualquiera de las partes, en los cuales esté discutido expresamente cualquier asunto planteado en el escrito de apelación o certiorari, o que sean relevantes a éste;..."

Asimismo se requiere en la Regla 34. E de nuestro Reglamento.
De un examen del recurso surge claramente que lo planteado se circunscribe a solicitar que se decrete nulo el emplazamiento de la peticionaria, lo que de ser así conllevaría resolver que el Tribunal de Primera Instancia actuó en todo momento sin jurisdicción. Es sabido que la falta de jurisdicción sobre la materia o las partes puede levantarse en cualquier momento en que se estén llevando a cabo los distintos trámites procesales judiciales y se estén ejecutando sus dictámenes, ya que la sentencia así dictada es nula y por consiguiente inexistente. No tenemos duda de que en circunstancias ordinarias este Foro apelativo carecería de jurisdicción para entender en este recurso por razón de que el mismo no fue perfeccionado, ya que el trámite procesal establecido en las leyes y reglamentos aplicables a los recursos apelativos tiene que cumplirse fielmente. Matos v. Metropolitan Marble Corp., 104 D.P.R. 122, 135 (1974); In re: Reglamento del Tribunal Supremo, 116 D.P.R. 670 (1985); Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642, 659 (1987).
*929 Sin embargo, en este caso nos hemos convencido de que los documentos excluidos eran innecesarios e inmateriales ya que la falta de jurisdicción del Tribunal recurrido, al no haberse emplazado al demandado con copia de la demanda, surgió claramente del diligenciamiento del emplazamiento presentado como parte del apéndice del recurso. O sea, los hechos relativos al diligenciamiento de emplazamiento surgen de un sólo documento que no está en controversia. Así, cuando se plantea una cuestión de falta jurisdiccional del Tribunal de Primera Instancia, que como en este casó hubiera podido ser levantada posteriormente al tratarse de ejecutar la sentencia dictada sin que se hubiera emplazado debidamente a la parte demandada, debemos por economía procesal y en ánimo de hacer justicia determinar si los documentos no incluidos en el apéndice eran relevantes y necesarios para poder resolver lo planteado. Aquí no lo son, por lo que entendemos que se perfeccionó el recurso y que tenemos jurisdicción.
Las leyes hay que interpretarlas en forma razonable y evitando situaciones injustas y onerosas. Cancora Marina Inc. v. Srio. de Hacienda, 114 D.P.R. 248 (1983); Molina v. C.R.U.V., 114 D.P.R. 295 (1983). Villanueva v. Hernández Class, 128 D.P.R. 618 (1991), Opinión del Juez Asociado Negrón García. Los moldes técnicos de las reglas procesales que no tienen efectos jurisdiccionales no pueden estar al servicio de la injusticia y menos aún prevalecer en detrimento de la más justa, rápida y económica solución de los pleitos. Sucesión Bravo v. Secretario de Hacienda, 106 D.P.R. 672 (1977); Banco Central Corp. v. Capitol Plaza Inc., 94 J.T.S. 57, y Rodríguez Zanabria v. Soler Vargas, 94 J.T.S. 59. Por ello cuando de hacer justicia se trata, nuestro procedimiento civil es uno flexible, de manera que se cumpla el mandato interpretativo de ese cuerpo de ley consagrado en su Regla 1, 32 L.P.R.A. Ap. III. Lasso v. Iglesia Pentecostal, 91 J.T.S. 74, pág. 8904 (Opinión del Juez Asociado Alonso Alonso); Gierbolini Rodríguez v. Bermúdez Colón, 91 J.T.S. 92, págs. 9008-9009 (Opinión del Juez Asociado Negrón García); Zomiak Air Services, Inc. v. The Cessna Aircraft, Inc., 92 J.T.S. 167; Amaro González v. First Federal Savings Bank y Otros, 93 J.T.S. 46.
RAMON NEGRON SOTO
Juez de Apelaciones